## MILLER *against* MILLER.

### IN ERROR.

*Sunbury,
Monday,
June 11.*

The proceedings in cases of divorce, not being according to the course of the common law, a writ of error does not lie to the final sentence of the Common Pleas therein, but merely an appeal.

THIS was a writ of error to the Common Pleas of *Northumberland* county, to bring up the record and proceedings in a libel for a divorce *a mensa et thoro;* and a motion was now made to quash the writ, upon the ground that the act of 2d *April* 1804, which gave jurisdiction to the Common Pleas in cases of divorce, authorized an *appeal* from their final sentence, but not a writ of error; and the proceeding in these cases, not being according to the course of the common law, a writ of error could not be adopted, unless expressly sanctioned by statute.

*Hall,* for the defendant in error, relied upon *Groenvelt* v. *Burwell* (a), and the act of 21st *March* 1806, 7 *St. Laws* 569.

*Duncan* for the plaintiff in error.

(a) 1 *Salk.* 263.   1 *Ld. Ray.* 213. S. C.

TILGHMAN C. J. delivered the court's opinion.

1810.

MILLER
v.
MILLER.

This is a cause in which the court of Common Pleas of *Northumberland* county made a decree of divorce from bed and board, and alimony, in favour of the defendant in error. A motion has been made to quash the writ of error, because it is a case in which it is supposed that an appeal lies, but not a writ of error. Causes of divorce and alimony are, in general, not cognisable in common law courts. Jurisdiction was first given to the Supreme Court by the act of 19th *September* 1785, 2. *St. Laws* 384. Afterwards the same jurisdiction was extended to the courts of Common Pleas by the act of 2d *April* 1804, 7 *Car.* & *Bio.* 375; and this act provides, that after final sentence, either party may appeal to the Supreme Court. The proceedings, in suits of this kind, are not according to the course of the common law. On an appeal the matter is taken up *de novo*, and new evidence is admitted in the superior court, who may make such decree as under all circumstances appears proper. This could not be done on a writ of error. All that this court could do, in such a case, would be to reverse or affirm the judgment below, which would be extremely inconvenient; and for that reason the act of assembly gave an appeal. This being a jurisdiction of a peculiar nature vested in the common law courts by act of assembly, the mode of proceeding prescribed by the act, and no other mode, should be pursued. I am therefore of opinion that the writ of error should be quashed.

Writ of Error quashed.