Blount commenced this caveat to prevent the issuance of a grant to the defendant Ramsey, upon the following entry: —
"No. 1608, Robert Kirkpatrick enters two thousand acres *Page 490 
in Green County, on the south side of the land granted to the continental line of North Carolina, including the first mile tree on the west line, running west and south for complement, adjoining a large knob. April 2, 1784."
The entry under which Blount claimed was special; but it was of a younger date than that made in the name of Kirkpatrick.
A jury being empanelled to try such facts as were not agreed upon by the parties, found the following: —
1. That there are two large knobs in the vicinity of the survey made by the caveatee, one about three-quarters of a mile east of the beginning corner of the caveatee's survey, adjoining the military land; the other about eighty poles eastwardly of the aforesaid large knob.
2. That a survey made on said caveatee's entry to adjoin either of said knobs, and extending west, including said one mile tree in an oblong, would not include the land claimed by the caveator, or any part of it.
3. That the northern boundary line of the caveatee's survey runs along the southern side of a knob of a somewhat peculiar appearance; but it is not as large a knob as either of the two east of the beginning, which is about three-quarters of a mile west of the one mile tree.
4. That the northern boundary line of the caveatee's survey, runs along the southern side of a peculiar knob, not as large as Mount Pisgah, but larger than any other west of Mount Pisgah.
5. That the knob lying about one mile east of the one mile tree, on the west line run by the commissioners, was named Mount Pisgah, and was notorious by that name at the date of the caveatee's entry.
6. That the one mile tree on the west line was a notorious object at the date of the caveatee's entry.
7. That Mount Pisgah is the place where the commissioners parted in running the military line. *Page 491 
The following facts were agreed by the parties, —
That the entry of the caveator is special and includes the lands which he has surveyed, and that the entry of the caveatee has been surveyed adjoining the military line, beginning one pole east of the one mile tree on the west line, and running with that line, south eighty-one west seven hundred and seventy-six poles; thence south three hundred and fifty-six poles thence east seven hundred and sixty-eight poles; thence north three hundred and fifteen poles to a beech, Gillespie's northwest corner; thence east with his line four poles to a dogwood; thence north one hundred and sixty poles to the beginning.
The cause was thereupon removed to this Court by the consent of the parties.
Whiteside and Hayes, for the plaintiffs, contended that the entry under which Ramsey claimed was too vague and uncertain to hold the land in controversy. The most specific and locative call in the entry is to adjoin a large knob. If there are several knobs near to each other, and an entry calls for a large knob, if it could be made good at all it would be by applying the call to the largest knob. Let Ramsey do that in this case and he ceases to interfere with the caveator. But if the entry could be supported without making it adjoin the largest knob, it is vague upon another ground. Here are several knobs in the vicinity of the one mile tree, to adjoin any one of which would be as strict a compliance with the entry as to adjoin the one claimed. Variety of object, all equally fitting the call in the entry, has ever been considered as destroying its certainty and validity. A subsequent locator could not tell which spot the first enterer intended, and to make the first entry good it should be certain enough to effect that purpose.
The call for the one mile tree is evidently not intended as the locative call, otherwise the entry would either have omitted the words as to the knob, or have described in what part of the land the tree should stand.
Trimble, for the defendant, argued e contra that the entry was special enough and ought to hold the land as surveyed. The facts found show that *Page 492 
at the date of the entry the one mile tree was generally known to persons conversant in that part of the country; consequently, a call for it is a good call. To adjoin a knob never can be a locative call because of the difficulty which will always exists as to the place where the knob commences. The wording of this entry is amply sufficient to show that the enterer intended to rely upon the one mile tree as his principal call. The words are, "including the one mile tree on the west line, running west and south for complement." The call "to adjoin a large knob," is only used by way of specifying that such an object was to be found in the neighborhood of the land appropriated by the entry. But independent of this, a large knob is an indefinite term, and is not calculated to fix the locality of the entry. If no other call existed here the entry would be vague, but the call for the one mile tree removes the uncertainty. It is a universal principle in construing entries, that if one part is certain and another uncertain, you may wholly discard that which is uncertain without impeaching the validity of the entry. A subsequent enterer could not in this case be misled; because, although he might feel some uncertainty about the knob, his difficulties would be removed by resorting to the call for the one mile tree.
Ramsey's entry being the oldest, the only question is whether it has been surveyed agreeably to law.
On the part of the plaintiff it is insisted that Ramsey's survey should have adjoined one of the eastern knobs, and then it would not interfere with the plaintiff's survey. Surveyors are officers of the government, sworn to do their duty. In making surveys they are directed by law to conform to the entries; in doing this they act independently of the claimants, and according to their best judgment. The law presumes every officer does his duty. Hardin's Rep. 362; *Page 493 
11 East's Rep. 297; 3 Bin. Rep. 28, 35; 3 Mass. Rep. 379. Under such circumstances every reasonable intendment ought to be made in support of their acts, so that those whose rights they are effectuating may not be injured. 3 Bin. Rep. 30, 3 Call. 419; Tayl. 11C, 135, 303; 1 Johns. 495;2 Wash. 115; Hardin's Rep. 341; Maryl. Rep. 139; 2 Bay's Rep. 539. Still, if it appears that a surveyor in making his survey has obviously departed from the calls of an entry or surveyed contrary to law, his acts are voidable by those to the extent of such departure.
It appears there were several knobs in the neighborhood of this entry, and there is nothing in it to confine it to one of those to the east more than the one to the west. There is a knob to the west which it adjoins. The entry does not call for the largest knob in the neighborhood. Whether the one it adjoins to the west may be called a large knob, does not appear either from the finding of the jury or the facts agreed. The expression used is indefinite in its nature, and can not in relation to the size of a knob, control the more definite, notorious call of the one mile tree. The defendant has the first entry, and he is entitled to the first survey and the first grant. The surveyor considered this the knob called for in the entry, nor is there anything in the evidence showing his opinion to be incorrect. How then can the Court say the survey is wrong, and that it ought to adjoin one of the knobs on the east? Consistently with legal principles the Court can not say so. The survey includes the one mile tree as called for, and runs west and south as contemplated by the entry. This is agreeably to law, and therefore there must be a judgment for Ramsey.